IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMID, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-05631 |
| | ) | |
| v. | ) | Honorable Robert W. Gettleman |
| | ) | |
| MOLEX, LLC, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL REMOTE DEPOSITION**

NOW COMES, the Plaintiff, ROBERT SMID, by and through his attorneys, Mirabella, Kincaid, Frederick & Mirabella LLC, for his Motion to Compel Remote Deposition, states as follows:

1. On or about August 18, 2020, Plaintiff's and defense counsel participated in a Rule 37.2 telephonic conference to discuss outstanding issues relating to Defendant, MOLEX, LLC's discovery production. During that conversation, the parties broached the subject of logistics surrounding the taking of Plaintiff's deposition. Plaintiff's counsel informed defense counsel that due to Plaintiff's disabilities, physical limitations, and COVID-19 high risk status, that logistics would have to be discussed to appropriately take his deposition. During this same discussion, the parties briefly discussed the potential for taking a remote deposition, but nothing was confirmed or set in stone.

2. Despite these preliminary discussions, on September 8, 2020, Defendant, MOLEX, LLC, without first getting an agreement from Plaintiff concerning the logistics, issued to Plaintiff a Second Amended Notice of Deposition, setting Plaintiff's deposition for October 8, 2020 to take place in person at the office of Molex, LLC, 222 Wellington Court, Lisle, Illinois 60532. A copy of that Notice is attached hereto as Exhibit 1.

3. At no time did the parties agree to the taking of Plaintiff's deposition as noticed.

4. After receiving said Notice of Deposition and as part of Plaintiff's counsel's normal processing, Plaintiff's counsel's paralegal unilaterally coordinated the aforementioned deposition with Defense counsel and confirmed that Plaintiff would be available on October 8, 2020, for his deposition. Plaintiff's counsel, at that time, was not aware that the Notice had provided for the taking of Plaintiff's deposition in person, and at all times, was under the presumption that it would take place remotely, given the parties' prior discussions.

5. Then on October 2, 2020, while preparing for Plaintiff's deposition, it came to Plaintiff's attorney's attention for the first time that the deposition notice had actually provided that the deposition was to take place in person. On realizing this, Plaintiff's attorney emailed defense counsel inquiring why the deposition was scheduled to take place in person and requesting that the deposition be done remotely. A copy of that email exchange is attached hereto as Exhibit 2.

6. Following those emails, Plaintiff's and defense counsel had a telephonic discussion regarding the issues of an in-person deposition on the afternoon of October 2, 2020. During this discussion, Plaintiff explained to defense counsel that following her discussion with Plaintiff that same afternoon, she was concerned that Plaintiff may not be able to hold up for the entirety of a traditional deposition, as Plaintiff needs to lie down frequently and cannot sit for long periods. Plaintiff further informed Defense counsel that it was Plaintiff's intention to give the defense a fair opportunity to depose him and that a remote deposition would be the best way to do so because it allowed Plaintiff the accommodations necessary to withstand a long deposition.

7. During this discussion, Plaintiff also invited defense counsel to utilize the court reporting agency, Veritext, whom Plaintiff has had success with for taking remote depositions. In response, Defense counsel stated that she would consult with her client.

8.　　On October 5, 2020, the parties engaged in another telephone conference whereupon defense counsel informed that upon discussing with her client, Molex was objecting to Plaintiff's request for a remote deposition. The reasons given were that the cost to ship the sheer volume of exhibits Molex intended to use during Plaintiff's deposition would pose an undue hardship on Molex, and that the costs associated with travel for Molex's Human Resources Representative would be burdensome. In response, Plaintiff explained that the parties could submit their depositions electronically to the court-reporting agency and that there would be no cost for shipping as a result. It should be noted, as well, that there would be no cost for travel associated with a remote deposition. Notwithstanding this, defendant continued to maintain its objection.

9.　　Despite their good faith Rule 37.2 discussions to reach a mutually beneficial resolution, the parties have been unable to reach an accord and Plaintiff requests the Court's intervention to compel Defendant to take Plaintiff's deposition remotely.

**WHEREFORE**, the Plaintiff, ROBERT SMID, respectfully requests that this Court enter an Order requiring Defendant, MOLEX, LLC, to take Plaintiff's deposition by remote means, and for such further relief as deemed equitable and just.

                                  Respectfully Submitted,

                                  /s/ Jolianne S. Alexander
                                Jolianne S. Alexander (f/k/a Walters) (6314222)
                                One of Plaintiff's attorneys

Jolianne S. Alexander (f/k/a Walters) (6314222)
Mirabella, Kincaid, Frederick & Mirabella, LLC
Attorney for ROBERT SMID
1737 S. Naperville Rd. Suite 100
Wheaton, Illinois 60189
(630) 665-7300 Phone
(630) 665-7609 Fax
jolianne@mkfmlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on October 5, 2020, she served a true and correct copy of the foregoing Plaintiff's Motion to Compel Remote Deposition by electronic mail upon:

>Katherine A. Manuel
>Cyle Reginald Catlett
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>155 North Wacker Drive, Suite 4300
>Chicago, Illinois 60606
>Katherine.manuel@ogletreedeakins.com
>Cyle.catlett@ogletree.com

>/s/ Jolianne S. Alexander
>Jolianne S. Alexander (f/k/a Walters) (6314222)
>One of Plaintiff's attorneys

Jolianne S. Alexander (f/k/a Walters) (6314222)
Mirabella, Kincaid, Frederick & Mirabella, LLC
Attorney for ROBERT SMID
1737 S. Naperville Rd. Suite 100
Wheaton, Illinois 60189
(630) 665-7300 Phone
(630) 665-7609 Fax
jolianne@mkfmlaw.com