IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMID, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 5631 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| MOLEX, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

"Due to the Covid-19 pandemic, conducting depositions
remotely has become the 'new normal.'"

*Grupo Petro Temex, S.A. de C.V. v. Polymetrix AG*, 2020 WL 4218804, *2 (D.Minn. 2020)

The parties have filed competing and surprisingly contentious briefs [Dkt. ##36; 39] on the seemingly simple question of how a deposition of the Plaintiff in this case should proceed in these dangerous and uncertain times. The Plaintiff wants the deposition to be taken by video, while the Defendant is insistent that it be a face-to-face deposition taken in a lawyer's office, as depositions routinely proceeded before the Covid pandemic engulfed the world and resulted in deaths and massive societal dislocations not seen in more than a century. Nonetheless, despite these obvious compelling and overwhelming circumstances, and the exchange of multiple telephone calls and emails between counsel going back to August 18, 2020, the issue remained unresolved.

The Defendant's annoyance regarding the scheduling and manner of the deposition of the Plaintiff, which is the deposition involved here, is not without some basis.[1] Still, the Defendant's insistence that the deposition must be taken in-person is unsound on several levels. The first is historical. The Defendant's argument ignores the fact that there were *no* depositions in civil cases in the federal court until the merger of law and equity and the promulgation of the Rules of Civil Procedure in 1937. *See* the discussion in *Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078, 1081 (N.D. Ill. 2008). Thus, face-to-face depositions were not historically deemed to be essential to the due administration of justice in the federal courts. Second, insistence that only a face-to-face deposition will do ignores the extremely broad range of discretion invested in judges by the Federal Rules of Civil Procedure in the oversight and management of discovery. *Cf. Crawford–El v. Britton*, 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.*, 436 F.3d 805, 813 (7th Cir. 2006). Discretion denotes the absence of a hard and fast rule. *Langnes v. Green*, 282 U.S. 531, 541 (1931); *Rogers v. Loether*, 467 F.2d 1110, 1111–12 (7th Cir.1972)(Stevens, J.). Under this standard, a court must act "with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes*, 282 U.S. at 541. An abuse of discretion occurs when no reasonable person could agree with the district court's decision. *Adams v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir.2014); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir.2013).

Consequently, while a decision in a particular case may be helpful, it is not necessarily dispositive in another case involving a court's exercise of discretion. Indeed, on a virtually identical

---

[1] Apparently there was no objection raised by the Plaintiff to an in-person deposition to be taken by Molex until more than seven months had elapsed from the time of the notice of deposition. The objection was, according to Molex, purportedly due to Plaintiff's diagnosis of Fibromyalgia. [Dkt. #39 at 1-2].

set of facts, two decision makers can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion and both be affirmed on appeal. *Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011); *United States. v. Banks*, 546 F.3d 507, 508 (7th Cir.2008). *Cf. United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)(Posner, J.)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *McCleskey v. Kemp,* 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987); *Elliot v. Mission Trust Services, LLC,* 2015 WL 1567901, 4 (N.D. Ill. 2015); *Last Atlantis Capital LLC v. AGS Specialists, LLC,* 71 F. Supp. 3d 760, 762–63 (N.D. Ill. 2014).

An appropriate exercise of discretion in this case does not inevitably lead to acceptance of the Defendant's insistence that the deposition of the Plaintiff must be taken in-person. To the contrary, that insistence is contrary to the sound holdings of the cases and to basic issues of public safety, itself. *See, e.g., Valdivia v. Menard Inc.*, 2020 WL 4336060 (N.D. Ill. 2020); *Sonrai Sys., LLC v. Romano*, 2020 WL 3960441 (N.D. Ill., 2020); *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, 2020 WL 3250723 (N.D. Ill. 2020). *Cf. In re Broiler Chicken Antitrust Litigation*, 2020 WL 3469166, n. 5 (N.D.Ill. 2020). *See also* Danielle Bagwell, *Depositions During the Covid-19 Crisis*, The Circuit Rider 12, 13 (Nov. 2020). Not only does the Defendant's Opposition provide no persuasive reason to depart from the sound holdings that given the period in which we are living depositions may be required to proceed electronically: it cites no authority in favor of its insistence that the contemplated deposition be conducted in a face-to-face setting – with all the dangers inherent in such a setting. Failure to cite authority in support of a position is generally deemed a waiver. *See*, e.g., *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). And the waiver doctrine applies even where those arguments raise constitutional issues. *See also United States v. Cisneros*,

846 F.3d 972, 978 (7th Cir. 2017).

A moment's reflection should suffice to demonstrate that physical presence of lawyers and witnesses (and parties) actually gathered together in a room where a deposition is to occur is not something that is inevitably required. Indeed, history, as we have seen, proves quite the opposite. The Defendant assures us that proceeding in-person would be safe and that a "large conference room" at its lawyer's office in Lisle would be provided and that the room "would be appropriate for social distancing during the deposition, and that a second room would be provided where Plaintiff could take breaks, lie down, or sit down in order to accommodate his Fibromyalgia." [Dkt. #39 at 2]. And, Molex's opposition to Plaintiff's Motion states, without attempting to explain, that "appropriate measures have been put in place to address concerns related to the COVID-19 pandemic (even though [Plaintiff asserts] that this is not the primary source of Plaintiff's Objection)." [Dkt. #39 at 3, ¶ 14]. That office, it claims, is near where the Plaintiff lives. [Dkt. #39, at 2].

But that assurance tells us nothing and does not even provide a hint of a guarantee of safety for the Plaintiff and his lawyer, to say nothing of the others who will be attending the deposition. The dimensions of the room are not provided and there is no claim made that the room was configured with the pandemic in mind. What steps will be taken to assure the safety and health of those in attendance? On this issue, the Opposition is silent. In short, the necessary guarantees (if they exist) that might give comfort and reasonable assurances of safety to those attending the deposition are absent. The Plaintiff and his lawyer, in any event, are not public health experts and thus the assurances in the Defendant's Opposition to the Plaintiff's Motion that all will be well is neither sufficient nor decisive. Additionally, it should be noted that the Sixth Amended General Order 20-0012 of September 4, 2020 (¶. 2), precludes in-person presentment of motions due to health concerns

caused by the pandemic. There is not a significant difference, in terms of safety, between a large courtroom with access limited to one case at a time and whatever facility or office the Defendant intends to provide. The contemplated conference room is rather small in size compared to a court room. Yet the latter is not deemed sufficiently safe to allow trials to be conducted by many judges.

Finally, the Defendant complains that there are "logistical problems" associated with remote depositions, including preparation of voluminous exhibits and protocols for "breaks, use of or access to cellphones, location of counsel and Plaintiff, etc., which would cut into substantive preparation for Plaintiff's deposition." [Dkt. #39 at 2]. But acceptance of these kinds of generalized complaints would make impermissible any but in-person depositions and, courts have routinely rejected the kinds of challenges advanced in this case by Molex. *See, e.g., List v. Harwell*, 2020 WL5988514 (D.Minn. 2020). Acceptance of the Defendant's argument would, quite impermissibly, deprive a judge of the vast discretion it has always had to regulate and control discovery. And it would be contrary to Rule 30(b)(4) of the Federal Rules of Civil Procedure, which expressly empowers a district court to require that a deposition be taken by telephone or other remote means.[2]

The types of logistical problems complained of by the Defendant have been surmounted over and over again without a court acceding to a demand that an in-person deposition be required. And, attorneys from far smaller firms with far fewer resources than those representing the Defendant have been required to take depositions by remote means.[3] Moreover, leave to take depositions by remote

---

[2] That provision has long existed in the Federal Rules of Civil Procedure. *See, e.g.,* Advisory Committee Notes to the 1993 Amendments and the 2000 Amendments to the Federal Rules of Civil Procedure.

[3] The Defendant is represented by an international firm with law offices throughout the world and employing hundreds of lawyers. The idea that counsel has never been forced to deal with "logistical
(continued...)

means under Rule 30(b)(4) should be granted liberally. *List, supra.*, 2020 WL 5988514 at *8.

The Plaintiff's Motion to Compel [Dkt. #36] is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/19/20

---

[3](...continued)
problems" associated with remote depositions that are alluded to in the Opposition to the Motion is unlikely. Indeed, the problems discussed by the Defendant's Opposition to Plaintiff's Motion are not unique to the deposition at issue.